IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-113** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **ITOHAN AGHO-ALLEN,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

The court sentenced defendant Itohan Agho-Allen ("Agho-Allen") to 180 months' imprisonment and approximately $2.385 million in restitution for the fraudulent operation of money transfer businesses. (Doc. 356). Presently before the court is Agho-Allen's motion (Doc. 400) to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Agho-Allen asserts that she was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The motion will be denied.

**I.  Factual Background & Procedural History**

During a wide spread investigation into a cross-border fraud scheme, government agents identified Agho-Allen as a member of a conspiracy to defraud consumers through Western Union and MoneyGram outlets. (Doc. 312 at 11:15-18:14). On March 30, 2011, a grand jury returned an indictment charging Agho-Allen and her four codefendants with, *inter alia*, conspiracy to commit mail fraud, wire fraud, and money laundering, in violation of 18 U.S.C. §§ 371, 1341, 1343, and 1956. (Doc. 16). Agho-Allen pled not guilty, and the court appointed John A. Abom ("trial counsel") as counsel on Agho-Allen's behalf. (Docs. 30, 32). A superseding indictment on February 29, 2012 charged the defendants with conspiracy to commit

mail fraud and related offenses, and Agho-Allen again pled not guilty. (Docs. 108, 134). A grand jury returned a second superseding indictment on January 23, 2013, which charged Agho-Allen with conspiracy in violation of the aforementioned statutes (Count 1); mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (Counts 2-5); wire fraud in violation of 18 U.S.C. §§ 2 and 1343 (Counts 6-29); money laundering in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i), 1956(a)(1)(B), and 1956(a)(2) (Counts 30-68); engaging in unlawful monetary transactions in violation of 18 U.S.C. §§ 2 and 1957(a) (Counts 69-85); criminal forfeiture in violation of 18 U.S.C. 982(a)(1) (Count 86); and criminal forfeiture in violation of 18 U.S.C. § 982(a)(2) (Count 87). (Doc. 188). Agho-Allen pled not guilty to the second superseding indictment. (Doc. 230).

Agho-Allen's trial commenced on June 25, 2013 and continued for six days. (Docs. 280, 312-15, 371-72). The jury found Agho-Allen guilty of Counts 1, 7, 8, 18, 21, 22, 23, 28, 29, 34, 35, 48, 49, 51, 54, 59, 67, 68, 70, 76, 80, 81 and 84. (Doc. 280). The United States Probation Office conducted a presentence investigation and prepared a presentence report for Agho-Allen, calculating a total offense level of 43. (PSR ¶¶ 40-49). Trial counsel objected to the report's recommended application of aggravating role, sophisticated means, and obstruction enchantments and disputed the report's loss amount calculation. (See Docs. 326, 347, 364). Prior to sentencing, the court held an evidentiary hearing concerning Agho-Allen's objections. (See Doc. 363). At sentencing on April 1, 2014, the court overruled Agho-Allen's objections to leadership and sophistication sentencing enhancements, but sustained the objections to loss amount and obstruction, resulting in an offense level of 39. (See Doc. 364 at 15:6-16). After considering the salient 18 U.S.C. § 3553(a) factors,

the court varied downward from the Sentencing Guidelines range of 262-327 months to impose a sentence of 180 months and $2,385,943.14 in restitution. (See Doc. 356).

Agho-Allen filed a notice of appeal with the United States Court of Appeals for the Third Circuit on April 14, 2014. (Doc. 358). On January 29, 2015, the Third Circuit affirmed Agho-Allen's conviction and sentence. United States v. Agho-Allen, 591 F. App'x 63, 65 (3d Cir. 2015) (nonprecedential). Agho-Allen timely filed the instant motion (Doc. 400) to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 on September 18, 2015. The government submitted a brief (Doc. 408) in opposition on November 13, 2015. Agho-Allen filed a reply brief (Doc. 409) on November 27, 2015 and a traverse (Doc. 410) on December 7, 2015. The court held an evidentiary hearing on September 27, 2016.[1] The motion is now ripe for disposition.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. In general, relief under § 2255 is afforded based on one of four grounds: (1) the sentence was imposed in violation of the Constitution or other federal laws; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. R. GOVERNING § 2255

---

[1] As of the date of this opinion, an official transcript of the September 27 hearing is not yet available. The court reporter has provided the court with a rough draft of the transcript of that hearing, and citations thereto are abbreviated throughout as "9/27/16 Hr'g Tr." Pagination of the rough draft may vary from pagination of the official transcript.

CASES R. 1(a). "When reviewing a motion pursuant to § 2255, the court must accept the truth of the petitioner's allegations unless clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, a petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that the deficient representation was prejudicial. See id. at 687-88. Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

4

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  See Strickland, 466 U.S. at 694.  The district court need not carry out its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III.   Discussion

In the instant motion, Agho-Allen asserts three different grounds in support of her request for § 2255 relief.[2]  First, Agho-Allen argues that trial counsel did not object to the removal of an African-American juror from the jury and the testimony of three victims at trial.  (Doc. 400 ¶¶ 22-31).  Second, she claims that trial counsel did not advise her of the possibility of a bench trial in lieu of a jury trial.  (Id. ¶¶ 32-52).  Third, Agho-Allen perceives a number of deficiencies that, in their totality, allegedly constitute ineffective assistance by trial counsel.  (Id. ¶¶ 53-63).  The court will address these averments *seriatim*.

#### A.    Trial Counsel's Failure to Timely Object to Prejudicial Practices

During jury selection, the government struck an African-American individual from the jury.  (Doc. 371 at 72:19-74:8).  Agho-Allen contends that trial counsel did not make a timely or specific objection to the dismissal of this juror.  (Doc. 400 ¶¶ 24,

---

[2] Agho-Allen's fourth ground for relief, that her sentence is violative of the First, Fourth, Fifth, Sixth, and Eighth Amendments, is stated in conclusory fashion in her petition and not included in her briefs.  (Doc. 400 at 8).  The court deems these conclusory contentions to be without any factual or legal basis, aside from her claims under the Sixth Amendment discussed *infra*.  Hence, they will not be addressed herein.

28, 30; Doc. 401-1 at 38-44). Agho-Allen also contends that trial counsel failed to make a timely and specific objection to the prejudicial testimony of three victims at trial. (Doc. 400 ¶¶ 25, 29-30).

A § 2225 petition may not be used to relitigate questions that were raised on direct appeal. See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); United States v. Gassew, 42 F. Supp. 3d 686, 698 (E.D. Pa. 2014); United States v. Waite, 450 F. Supp. 1165, 1166 (W.D. Pa. 1978). In the matter *sub judice*, trial counsel did object to the exclusion of the prospective juror at trial, asking for a non-racial basis for the strike pursuant to Batson v. Kentucky, 476 U.S. 79 (1986). (Doc. 371 at 72:24-73:3). The government indicated that they struck the juror due to the juror's educational background in theology and his connections to social worker programs. (Id. at 73:10-20). On appeal, trial counsel brought a new Batson challenge based on religion, which the Third Circuit reviewed for plain error because this objection was not made at trial. Agho-Allen, 591 F. App'x at 64. The Third Circuit stated that a preemptory strike based on heightened religious involvement is appropriate under United States v. DeJesus, 347 F.3d 500 (3d Cir. 2003). Id.

At Agho-Allen's trial, three victims testified concerning the impact of the alleged money laundering scheme. (Doc. 313 at 24:16-65:15). The Third Circuit reviewed the admission of the testimony of the three victims for plain error as trial counsel did not object to the admission of the testimony at trial. Agho-Allen, 591 F. App'x at 65. After considering the impact of the testimony, the Third Circuit found that while the testimony was mildly prejudicial, "[t]he alleged errors were . . .

harmless." Id. As both issues were litigated on direct appeal and the Third Circuit found that neither failure to object prejudiced Agho-Allen, the court finds no basis for § 2255 relief on Agho-Allen's first claim.[3]

**B.      Trial Counsel's Failure to Advise of Bench Trial**

Agho-Allen submits that trial counsel did not inform her that she could move for a bench trial on stipulated facts. (Doc. 400 ¶ 34). She states that she was not aware that she could receive a reduction in sentence for acceptance of responsibility, nor was she aware that she could preserve appellate review of the sufficiency of evidence while still obtaining a reduction in her sentence for such acceptance if she elected for a bench trial. (Id. at ¶¶ 35-37). Agho-Allen argues that trial counsel did not investigate case law or the Sentencing Guidelines that support her assertions. See U.S.S.G. § 3E1.1 cmt. 2.; (Doc. 400 ¶¶ 39-40). Agho-Allen avers that because trial counsel did not advise her of the bench trial opportunity, her decision to proceed to a jury trial was uninformed and involuntary. (Doc. 400 ¶ 45).

"A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury." Singer v. United States, 380 U.S. 24, 36 (1965).

---

[3]Agho-Allen states that trial counsel did not specifically object to either of these issues and therefore did not correctly preserve the issues for appeal. (Doc. 400 ¶ 30; Doc. 401-1 at 40-44). Agho-Allen submits that had trial counsel timely objected, trial counsel's religious Batson challenge and the admittance of the three victim's testimony would have been reviewed under the "harmless error" standard on appeal, resulting in a different outcome. (Doc. 400 ¶ 30). The court notes that the "clear error" standard would have governed if counsel had raised objections at trial, see FED. R. CRIM. P. 52(a), but the court is unpersuaded by Agho-Allen's proposition. Assuming *arguendo* that trial counsel's failure to object was "clear error," such error did not prejudice Agho-Allen. See Strickland, 466 U.S. at 694. Her Batson challenge was foreclosed by DeJesus, as stated *supra*, and the Third Circuit noted that admitting the testimony of the three victims at trial was "harmless" error. Agho-Allen, 591 F. App'x at 65.

7

Consequently, a defendant does not have a constitutional right to a bench trial. See United States v. Spruill, No. 05-CR-532, 2015 WL 5286994, at *3–5 (E.D. Pa. Sept. 9, 2015); D'Amario v. United States, 403 F. Supp. 2d 361, 369 n.6 (D.N.J. 2005); Walker v. Vaughn, No. 92-1616, 1994 WL 47713, at *7–8 (E.D. Pa. Feb. 16, 1994), aff'd, 53 F.3d 609 (3d Cir. 1995). In deciding whether trial counsel committed a prejudicial error by advising a defendant on the type of proceeding, a court should determine whether the outcome of the proceeding would have been different without the error. See Lilly, 536 F.3d at 196.

Agho-Allen has no constitutional right to a bench trial. See Singer, 380 U.S. at 36; D'Amario, 403 F. Supp. 2d at 369 n.6. There is no guarantee that Agho-Allen would have received a bench trial if requested, as a bench trial requires the consent of the government and the court as well as waiver of a jury trial by the defendant. FED. R. CRIM. P. 23. Even though trial counsel did not explain the possibility of a bench trial to Agho-Allen, (9/27/16 Hr'g Tr. at 21:16-24), his actions do not fall below the objective standard of reasonableness under Strickland. Trial counsel's decision may be explained as a reasonable strategic decision based on his client's protestations of innocence. (See id. at 12:21-13:4, 22:11-23:14; Doc. 315 at 48:7-50:8).

Furthermore, Agho-Allen cannot demonstrate prejudice from trial counsel's omission. Assuming *arguendo* that Agho-Allen had moved for a bench trial and both the court and government had acquiesced, the court would have still convicted Agho-Allen. As the Third Circuit noted, the government's evidence against Agho-Allen was "substantial." Agho-Allen, 591 F. App'x at 65. The outcome of the proceeding would have remained the same. Thus, Agho-Allen cannot demonstrate

prejudice under the Strickland test. See Strickland, 466 U.S. at 694; Lilly, 536 F.3d at 196.

Agho-Allen's arguments regarding the possibility of a reduction in sentence based on acceptance of responsibility are equally unavailing. A defendant will qualify for a three-level reduction in their offense level under Sentencing Guidelines § 3E1.1 for an acceptance of responsibility. U.S.S.G. § 3.E1.1(b). To qualify for this reduction, a defendant could, *inter alia*, voluntarily terminate criminal conduct, voluntarily aid authorities, or truthfully admit to the alleged conduct. U.S.S.G. § 3E1.1 cmt. 1 (A)-(B), (E). Agho-Allen cites the following Guidelines commentary to support her argument:

> Conviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction. *In rare situations* a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

Id. at cmt. 2 (emphasis added).

Agho-Allen offers neither facts nor case law to establish that her circumstances qualify as the type of "rare situation" envisioned by the Guidelines. Id. Agho-Allen contested factual guilt and not an issue of law at trial. (See 9/27/16 Hr'g Tr. 22:11-23:3; Doc. 315 at 48:7-50:8). Her testimony at the evidentiary hearing indicated that she now wishes to take some responsibility for the crimes committed because she owned the store where fraudulent transactions occurred. (See 9/27/16

Hr'g Tr. 7:2-7:14). But § 3E1.1 "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. 2. The court finds that Agho-Allen would not have qualified for a sentencing reduction under § 3E1.1, defeating her ineffective assistance of counsel claim on this ground.

### C. Trial Counsel's Cumulative Failure to Provide Adequate Representation

Agho-Allen also asserts that when no single error by counsel is sufficient to vacate a conviction, prejudice may flow from the cumulative impact of several deficiencies. (Doc. 401-1 at 38). She articulates multiple such deficiencies, to wit: trial counsel's purported failure to: move for dismissal of her indictment; seek suppression of, present, and object to evidence; object to improper jury instructions; object to evidence presented at sentencing; move for an appropriate downward departure during sentencing; and present her strongest arguments on appeal. (Doc. 400 ¶¶ 54-61, 63). Agho-Allen further alleges that trial counsel had a conflict of interest during her representation.[4] (Id. ¶ 62).

Section 2255 requires petitioners to present evidence that evinces ineffective representation and prejudice. See Thomas, 221 F.3d at 437; Sepulveda, 69 F. Supp. 2d at 639-40. Bald assertions and conclusory allegations will not suffice to entitle a petitioner to relief. Id. Agho-Allen fails to identify the impropriety surrounding the indictments, evidence that trial counsel purportedly mishandled at trial, jury

---

[4] Agho-Allen also reasserts her arguments concerning the lack of advice from trial counsel on proceeding to a bench trial. (Doc. 400 ¶ 55).

instructions that were improper, evidence that was improperly introduced at sentencing, or the conflict of interest that compromised trial counsel.  Agho-Allen correctly notes that trial counsel did not move for a downward departure at sentencing, (Doc. 364 at 15:23-16:3), but provides no evidence or argument demonstrating entitlement to a departure.  Instead, trial counsel presented evidence under the third step of the Gall v. United States, 552 U.S. 38, 49 (2007), sentencing procedure that ultimately resulted in a downward variance of nearly seven years.  (Doc. 364 at 16:4-20:20).

Agho-Allen does not identify any issues that she believes should have been more clearly argued on appeal.  Generally, the presumption of effective assistance will only be overcome if unraised issues are stronger than those presented.  Smith v. Robbins, 528 U.S. 259, 288 (2000).  Agho-Allen does not identify any unraised issues; thus, the court cannot determine if the arguments presented were not her strongest.  Due to the unsubstantiated and conclusory nature of Agho-Allen's third claim, the court rejects it.

## IV. Conclusion

Agho-Allen's motion (Doc. 400) will be denied. An appropriate order shall issue.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: October 25, 2016